IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ING BANK N.V., | § |
| | § |
| **Plaintiff** | § |
| | § |
| v. | § |
| | § **CIVIL ACTION NO.** |
| M/V ASTRO SATURN, IMO No. | § **ADMIRALTY** |
| 9235725, her engines, tackle, equipment, | § |
| furniture, appurtenances, etc., *in rem*, | § |
| and SATURN SPECIAL MARITIME | § |
| ENTERPRISES (ENE), *in personam* | § |
| | § |
| **Defendants** | § |

## VERIFIED COMPLAINT

NOW COMES, plaintiff, ING Bank N.V. ("ING") through undersigned counsel, and files this Verified Complaint against defendants, the M/V ASTRO SATURN, IMO No. 9235725, her engines, tackle, equipment, furniture, appurtenances, etc. (the "ASTRO SATURN"), *in rem*, and Saturn Special Maritime Enterprises (ENE) (hereafter "Saturn"), *in personam*, for damages, maritime arrest, maritime attachment, and to obtain security pending arbitration in London, England, and upon information and belief, avers as follows:

### Jurisdiction and Venue

1.

This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Rule C and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Federal Rule of Civil Procedure 9(h).

2.

Venue is proper in this District in accordance with Rule C and Rule B as the ASTRO SATURN, owned by Saturn, is or will be within the physical jurisdiction of this Court and is presently at anchor in Buffalo Bayou, near Houston, Texas, during the pendency of this action.

**Parties**

3.

At all material times, ING was and is a banking and financial services corporation or business entity organized and existing pursuant to the laws of The Netherlands, with a place of business being located in Amsterdam, The Netherlands.  As more fully set forth herein, ING is an assignee of certain accounts, assets and maritime liens of O.W. Bunker Malta Ltd. ("OW Bunker"), including the account receivable and corresponding maritime lien owed by the ASTRO SATURN, and therefore prosecutes this admiralty claim as the holder of OW Bunker's maritime lien against the ASTRO SATURN as more fully set forth herein.

4.

ING is the coordinator, agent, and security agent under that certain US$ 700,000,000.00 Multicurrency Revolving Borrowing Base Facilities Agreement, dated December 19, 2013 (the "Credit Agreement"), and related guaranty, pledge, and security agreements, including that certain English Omnibus Security Agreement, dated December 13, 2013 (the "Security Agreement").

5.

OW Bunker is a borrower and guarantor of the obligations owing under the Credit Agreement and is in default of those obligations.

2

6.

OW Bunker is also a party to the Security Agreement, pursuant to which it absolutely assigned all of its rights, title and interests as of December 13, 2013, in certain assets, including customer accounts receivable for bunker deliveries, to ING.

7.

OW Bunker has assigned to ING all of its rights, title and interests, including its right to institute this action and enforce its maritime liens against the ASTRO SATURN, in the amounts owed to OW Bunker for bunker deliveries made to the ASTRO SATURN, as more fully described *infra*. For clarity, OW Bunker and ING will collectively be referred to as "OW Bunker" throughout the remainder of this pleading, unless otherwise indicated.

8.

At all material times, defendant, the ASTRO SATURN was and is, upon information and belief, a crude oil tanker, owned by Saturn.

9.

At all relevant times, defendant, Saturn was and still is a foreign business entity with an office at Leoforos Syngrou Andrea 354, Kallithea, 17674, Athens, Greece and was the registered owner of the ASTRO SATURN.

10.

Undersigned counsel for OW Bunker has contacted the Secretary of the State of Texas and verified that Saturn is neither registered to do business within the State of Texas nor has it appointed any registered agent for service of process.

**Unpaid Bunkers Sold and Delivered to the ASTRO SATURN**

11.

OW Bunker contracted to provide bunkers and related barging services to the ASTRO SATURN in the Galveston Offshore Lightering Area (a/k/a "GOLA"), near Galveston, Texas, which bunkers were initially ordered by Pantheon Tankers Management Ltd, the manager / operator of the ASTRO SATURN. This contract to purchase bunkers is evidenced by a Sales Order Confirmation, No. 145 - 19569, dated September 23, 2014, a true and correct copy of which is attached as Exhibit A, hereafter the "Confirmation".

11.

The Confirmation, as well as the sale and delivery of the marine fuels to the ASTRO SATURN, were subject to the OW Bunker Group Terms and Conditions of sale for Marine Bunkers, Edition 2013, a true and correct copy of which is attached as Exhibit B, hereafter "General Terms". More specifically, the Confirmation provided in relevant part, as follows:

> The sale and delivery of the marine fuels described above are subject to the OW Bunker Group's Terms and Conditions of sale(s) for Marine Bunkers. The acceptance of the marine bunkers by the vessel named above shall be deemed to constitute acceptance of said general terms to you as 'Buyer' and to O.W. Bunker Malta Ltd. as 'Seller'.
>
> The fixed terms and conditions are well known to you and remain in your possession. If this is not the case, the terms can be found under the web address: http:///owbunker.com/wp-ontent/uploads/2013/12/OWB_ValidFrom01092013.pdf

(Exh. A, Confirmation, p. 2.)

12.

Article B.1 of the General Terms defines the term "Buyer" to mean the vessel supplied and, jointly and severally her master, owners, managers/operators, disponent owners, time charters, bareboat charterers, and charterers. (Ex. B, General Terms, p. 2, art B.1.) As discussed

4

*infra*, on or about October 5, 2014, the ASTRO SATURN accepted marine bunkers from OW Bunker, pursuant to the Confirmation. Accordingly, the ASTRO SATURN, her manager / operator Pantheon, and her owner Saturn, fall within the definition of Buyer and are, therefore, bound and obligated jointly and severally to the Confirmation and to the General Terms, which General Terms were incorporated in the Confirmation by express reference and adoption. See *One Beacon Ins. Co. v. Crowley Marine Servs., Inc*., 648 F.3d 258, 269 (5th Cir. 2011).

13.

Article I.3(iv) of the General Terms provides as follows:

Where [the ASTRO SATURN] fails to pay timely, [OW Bunker] has the right to (without prejudice to its rights to receive default/delay compensation) take all appropriate steps to secure and enforce its claim…

(Exh. B, General Terms, p. 7, art. I.3).

14.

Article I.9 of the General Terms provides as follows:

Where Bunkers are supplied to [the ASTRO SATURN], in addition to any other security, the Agreement is entered into and the Goods are supplied upon the faith and credit of [the ASTRO SATURN]. It is agreed and acknowledged that the sale of Bunkers to [the ASTRO SATURN] and/or their acceptance on [the ASTRO SATURN] create a maritime lien over [the ASTRO SATURN] for the price of the Bunkers (and all interest and costs payable in respect thereof; including but not limited to the reasonable attorney's fees), such maritime lien afforded to [OW Bunker] over [the ASTRO SATURN]. In any event any applicable Law shall not prejudice the right of the maritime lien of [OW Bunker] afforded hereunder or by any other applicable Law, be it of the place of delivery, the flag of the Vessel, or the place of jurisdiction and/or arrest of the Vessel, or otherwise howsoever.

(Exh. B, General Terms, p. 8, art. I.9).

15.

Article P.5 of the General Terms provides as follows:

The General Maritime Law of the United States shall always apply with respect to the existence of a maritime lien, regardless of the country in which [OW Bunker]

takes legal action. [OW Bunker] shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity or otherwise, in any jurisdiction where the Vessel may be found.

(Exh. B, General Terms, pp. 11 – 12, art. P.5).

16.

In filing this Verified Complaint, OW Bunker exercises its discretion to proceed against the ASTRO SATURN under the substantive laws of the General Maritime Law of the United States of America as well as the Commercial Instrument and Maritime Liens Act, 46 U.S.C. §§ 31303 *et seq*. and under the procedural laws of the Federal Rules of Civil Procedure, including the Supplemental Rules for Admiralty and Maritime Claims, as well as the Local Rules of the U.S. District Court for the Southern District of Texas, for the purposes of obtaining security for pending arbitration proceedings in London, England between Saturn and Pantheon and ING Bank N.V., as discussed *infra*.

17.

On September 23, 2014, OW Bunker issued the Confirmation for the account of the Master and/or Owner and/or Charterers and/or MV ASTRO SATURN and/or Pantheon Tankers Management Ltd. and indicated that it would provide 400 metric tons of Fueloil 380 – CST and 400 metric tons of 380 – CST 1% to the ASTRO SATURN in GOLA, near Galveston, Texas, including associated barge service to transport and transfer the foregoing fuel bunkers to the ASTRO SATURN, with an estimated delivery date between September 29 and October 1, 2014. (Exh. A, Confirmation, p. 1.)

18.

On October 5, 2014, pursuant to the Confirmation and the General Terms, the ASTRO SATURN accepted the delivery of 401.170 metric tons of Fueloil 380 CST and 401.031 metric

tons of 380 – CST 1% marine bunkers from OW Bunker. The bunker delivery was made on behalf of OW Bunker as evidenced by the Bunker Delivery Receipt, a true and correct copy of which is attached as Exhibit C *in globo*.

19.

OW Bunker has paid the suppliers in full for the bunkers delivered to the ASTRO SATURN in GOLA on October 5, 2014.

20.

On October 5, 2014, OW Bunker issued an invoice to the ASTRO SATURN and / or owners and / or Charterers, which was addressed to Pantheon, referencing Confirmation No. 145-19569, in the amount of US $477,705.90 for 401.170 metric tons of Fueloil 380 CST and 401.031 metric tons of 380 – CST 1% marine bunkers delivered to the ASTRO SATURN in GOLA, to be paid on or before November 3, 2014, a true and correct copy of which is attached hereto as Exhibit D, hereafter "Invoice." As of this date, neither ING nor OW Bunker have been paid for the bunkers delivered to the ASTRO SATURN in breach of the Confirmation and General Terms, and plaintiff is accordingly owed US $477,705.90 for the bunkers, fees and charges as aforesaid.

21.

Pursuant to General Terms, Article I.5, OW Bunker is entitled to recover contractual interest of three (3%) percent per month on the foregoing unpaid invoiced amount until paid, and a delayed payment administrative fee of US$ 1.50 per metric ton of bunkers supplied.  (Exh. B, General Terms, p. 7, art. I.5.)

22.

Pursuant to General Terms, Article I.7, all costs borne by OW Bunker in connection with

the collection of overdue payments, whether made in or out of court and in general all costs in connection with breach of the contract shall be for the breaching party's sole account.  (*Id*., art. I.7.).  Accordingly, OW Bunker is additionally entitled to recover for all attorney's fees and costs incurred by OW Bunker resulting from its efforts to collect payment on the Invoice, including attorney's fees and costs associated with this civil action and arbitration in London, England, and pursuant to the General Terms, the ASTRO SATURN, Saturn, and Pantheon remain jointly and severally liable for all amounts due and owing to OW Bunker.

23.

As of the date of this filing, ING is owed the following amounts for unpaid bunkers delivered to the ASTRO SATURN:

|   |   |   |
|---|---|---|
| A. | Invoice | US$ 477,705.90 |
| B. | Accrued Interest | US$ 51,592.24 |
| C. | Administrative Fees | US$ 1,203.30 |
| D. | Accrued and Anticipated Attorney's Fees | US$130,000.00 |
| **TOTAL** | | **US$ 660,501.44** |

**Request for Arrest of the ASTRO SATURN**
**Pursuant to Supplemental Admiralty Rule C**

24.

Upon information and belief, the ASTRO SATURN is or will be within this District during the pendency of this admiralty and maritime claim to recover for necessaries provided by OW Bunker to the ASTRO SATURN.

25.

Pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, ING is entitled to arrest the ASTRO SATURN to satisfy ING's

8

claims, including but not limited to pre-judgment interest, costs, expenses, and attorneys' fees as alleged with more specificity *supra*.

## Request for Attachment of the ASTRO SATURN
## Pursuant to Supplemental Admiralty Rule B

26.

OW Bunker realleges and reavers Paragraphs 1 through 23 *supra* as if same were copied herein *in extenso*.

27.

Upon information and belief, Saturn cannot be found within this District but has or will have property within this District, including, but not limited to, the ASTRO SATURN, which vessel is presently, or shortly will be, within this District.

28.

Pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, OW Bunker is entitled to attach all of Saturn's property within this District, including, but not limited to, the ASTRO SATURN to satisfy OW Bunker's claims, as well as other costs taxable to Saturn as a result of OW Bunker's having to bring this action, including but not limited to pre-judgment interest, costs, expenses, and attorneys' fees.

## Alternatively, Ancillary Proceeding to Obtain Security
## for London Arbitration Proceedings

29.

In addition to the relief requested under Rule C and Rule B *supra*, ING Bank alleges and avers that on or about November 27, 2014, Pantheon and Saturn, through duly authorized counsel, delivered a notice of arbitration to ING Bank for arbitration proceedings to be conducted in London, England, which proceedings are ongoing.

30.

ING Bank avers that this action is an alternative ancillary proceeding, brought in order to obtain jurisdiction over the ASTRO SATURN and Saturn, and to obtain security for ING Bank's claims in aid of the pending arbitration proceedings.

31.

ING agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest and attachment of the aforesaid ASTRO SATURN.

All and singular the foregoing premises are true and correct within the admiralty jurisdiction of this Honorable Court.

**WHEREFORE**, plaintiff, ING Bank N.V., prays:

1.     That this Verified Complaint be deemed good and sufficient;

2.     That process in due form of law, according to the rules and practices of this Honorable Court, issue against the M/V ASTRO SATURN, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, by way of arrest pursuant to Supplemental Admiralty Rule C, and that all persons claiming interest in said vessel be required to appear and to answer under oath, all and singular the matters aforesaid;

3.     That process in due form of law according to the rules and practices of this Court may issue against Saturn Special Maritime Enterprises (ENE), requesting it to appear and answer all singular the matters aforesaid;

3.     That because Saturn is a foreign corporation which cannot be found within this

10

District, is not qualified to do business in the State of Texas, and has no agent for the service of process, that all of Saturn's goods, chattels, funds, credits, money and other assets or property found within this District, including the M/V ASTRO SATURN, IMO No. 9235725, her engines, tackle, equipment, furniture, appurtenances, etc. be attached to satisfy the sum of ING Bank's claims up to the amount of **US$ 660,501.44** plus attorneys' fees, costs, expenses, and pre-judgment interest, all pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, including the fees and costs of the United States Marshall;

4.   That this Court issue a Writ of Maritime Attachment and Garnishment of all property of Saturn in this District to the Master of the M/V ASTRO SATURN;

5.   That this Court retain the attached property and/or the proceeds of sale as security pending adjudication of ING Bank's claims against Saturn;

6.   That any property attached in this proceeding be sold under the direction of this Court and the proceeds of the sale be deposited into the Registry of this Court;

7.   That this Court retain jurisdiction over Saturn to attach its property found within the District in order to enter a judgment, upon conclusion of this civil action or the arbitration proceedings in London, England, in favor of ING Bank and against Saturn, *in personam*, in the amount of ING Bank's claim and any additional amounts owed, including, but not limited to, attorneys' fees, costs, expenses, and pre-judgment interest for ING Bank's damages;

8.   That this Court, after due proceedings are had, enter a judgment in favor of ING Bank and against the ASTRO SATURN and Saturn in the principal amount of

11

US$ 660,501.44 plus attorneys' fees, costs, expenses, and pre-judgment interest, and any additional amounts owed, including, but not limited to, attorneys' fees, costs, expenses, and pre-judgment interest for OW's damages;

9.      That this Court grant ING Bank such other and further relief as may be just and proper.

Respectfully submitted:


*/s/ Joseph R. Messa*
**JOSEPH R. MESSA (#11346)**
**KING, KREBS & JURGENS, P.L.L.C.**
6363 Woodway, Suite 820
Houston, Texas  77057
Telephone:  (713) 334-5644
Facsimile:  (713) 334-5828
E-mail:  jmessa@kingkrebs.com

                **and**

**JAMES D. BERCAW**
**LAURA E. AVERY**
**(Motion for admission *pro hac vice* to be filed)**
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
E-Mail:    jbercaw@kingkrebs.com
               lavery@kingkrebs.com

*Attorneys for ING Bank N.V.*


<u>**PLEASE SERVE:**</u>

**The Master of the M/V ASTRO SATURN, IMO 9235725**
**And Issue a Warrant for the Arrest as well as a Writ of Maritime Attachment of the M/V ASTRO SATURN**